**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL WORKER'S INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND BOARD OF TRUSTEES, NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE, <br><br> 8403 Arlington Boulevard <br> Fairfax, Virginia 22031 <br><br> Plaintiffs, <br><br> v. <br><br> HAMILTON-NEE AIR SYSTEMS CORP. <br> 177 Tosca Drive <br> Stoughton, MA 02072 <br><br> Defendant. | CIVIL ACTION NO.    1:18-cv-691 <br><br><br> **Additional Required Service under 29 U.S.C. § 1132(h) to:** <br><br> **U.S. Department of Labor** <br> **Attn: Assistant Solicitor** <br> **for Plan Benefits Security** <br> **200 Constitution Ave., N.W.** <br> **Washington, DC 20002** <br><br> **U.S. Department of Treasury** <br> **Attn: Secretary of the Treasury** <br> **1500 Pennsylvania Avenue, NW** <br> **Washington, D.C. 20220** |

## COMPLAINT

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers'

National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air

Conditioning Industry ("ITI"), the Sheet Metal Workers' International Association Scholarship

Fund ("Scholarship Fund"), the National Stabilization Agreement of the Sheet Metal Industry

Trust Fund ("SASMI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and

the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, Scholarship Fund, SASMI, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

## Introduction

1.      This is a civil action brought by employee benefit plans, and by the Trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451 and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendant awarding delinquent contributions, withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, 4219, 4221, and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, 1399, 1401, and 1451, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Documents governing the Funds.

## Jurisdiction and Venue

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), Sections 4221(b) and 1451(a) and (c) of ERISA, 29 U.S.C. § 1401(b), 1451(a), (c), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) as the Plaintiffs Funds are administered in this district with their principal place of business in Fairfax, Virginia. Venue is also properly laid in

this district because it is here that Defendant breached the relevant provisions of the collective bargaining agreement, and consequentially violated Section 515 of ERISA, 29 U.S.C. § 1145, because it is within this district that the relevant provisions of the collective bargaining agreement are required to be performed.

4.     Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5.     Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.     Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of ITI are duly authorized Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7.     Plaintiff Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") is the collective name of trustees of the Sheet Metal Workers' International Association Scholarship Fund. The Scholarship Fund is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing funded scholarship benefits. The Scholarship Fund is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5). The Trustees of the Scholarship Fund are duly authorized Trustees whose duty it is to administer the Scholarship Fund for the benefit of the participants and beneficiaries of the Scholarship Fund. The Trustees of the Scholarship Fund are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as the "Scholarship Fund" in this Complaint. The Scholarship Fund is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8.     Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund. SASMI is an employee welfare benefit plan within the meaning of Section 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing benefits to eligible employees. SASMI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of SASMI are duly authorized Trustees whose duty it is to administer SAMSI for the benefit of the participants and beneficiaries of SASMI. The trustees of SASMI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly referred to as "SASMI" in this Complaint. SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.      Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under 29 U.S.C. § 186(c)(5). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

10.     Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. § 186(c)(9) that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

11.     The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

12.     At all times relevant to this action, Defendant Hamilton-Nee Air Systems Corp. ("Hamilton-Nee") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Hamilton-Nee has been incorporated in the state of Massachusetts with a principal place of business at 177 Tosca Drive, Stoughton, MA 02072.

**Factual Background**

13.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 17 ("Local 17" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

14.     At all times relevant to this action, Defendant was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to NPF, ITI, the Scholarship Fund, SASMI, SMOHIT, and NEMIC for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 17.

15.     Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

16.     Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

17.     Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

18.     Pursuant to the CBA, the completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after

the end of each month during which covered work was performed and are delinquent if received thereafter.

19.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Hamilton-Nee is required to pay the following amounts to the Funds:

a.     Interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily;

b.     Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

c.     Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

d.     The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

## Withdrawal Liability

20.     The NPF determined that Defendant had affected a complete withdrawal from the NPF on April 1, 2017 within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

21.     The NPF sent a notice of withdrawal to Defendant on November 9, 2017, advising that it owed withdrawal liability to the NPF. This notice informed Defendant that withdrawal liability was assessed in the amount of $859,065.99 and that it was amortized, as

required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 44 quarterly payments in the amount of $27,123.06 each, with the first payment being due January 1, 2018, and final remaining 45th payment of $13,015.01 due January 2029.

22.    In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Defendant had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Defendant did not request review of the withdrawal liability assessment.

23.    Defendant was required to being making its withdrawal liability payments as of January 1, 2018. Defendant failed to make its first schedule payment. To date, Defendant has failed to make any payments in accordance with the payment schedule.

24.    By letter dated February 21, 2018, the NPF notified Defendant that it failed to make the first payment under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The NPF also notified Defendant in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

25.    Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

26.    Defendant failed to respond to the NPF's February 21, 2018 letter and did not cure its failure to pay the first payment in accordance with the payment plan. Accordingly,

Defendant is in default and is liable for the remaining unpaid principal of its withdrawal liability principal, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made.

27. Defendant is also liable for interest, liquidated damages, and reasonable attorneys' fees and costs in accordance with the Trust Documents and applicable federal law, 29 U.S.C. § 1451(b), (e).

28. The Trust Documents provide that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

29. The Trust Documents further provide that in the event of default, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

## Count I
*Delinquent Contributions, Liquidated Damages, Interest and Attorneys' Fees and Costs*

30. Plaintiffs reallege and incorporate Paragraphs 1 through 29.

31. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

32. For the months of May 2013 through March 2017, Defendant employed employees within the jurisdiction of Local 17 for whom contributions were owed to the Funds and failed to timely make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

33.     Defendant has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages for the months of December 2016 through March 2017 for owed contributions, resulting interest and liquidated damages.

34.     Based on remittance reports prepared and submitted to the Funds by Defendant, Defendant owes contributions for the months of December 2016 through March 2017 in the amount of $31,097.93 in contributions, $2,215.08 in interest (calculated through December 20, 2017), and $6,219.58 in liquidated damages.

35.     The Funds' records also show that Defendant paid contributions late for the period of May 2013 through November 2016 thus incurring $10,247.76 in liquidated damages.

36.     The total amount owed by Defendant for the period of April 2013 through March 2017 is $49,780.35, plus additional daily interest accruing through the date of payment.

37.     Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendant to obtain the outstanding amounts from Defendant. These efforts have been to no avail and there is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligation to the Funds, and pay the delinquent and unpaid contributions, liquidated damages, and interest on the delinquent and unpaid contributions.

38.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## Count II
### *Withdrawal Liability*

39.     Plaintiffs reallege and incorporate Paragraphs 1 through 38.

40.     This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

41.     Defendant has failed to pay amounts owed for withdrawal liability for a period greater than sixty (60) days after notification of failure by the NPF. As a result, Defendant is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5).

42.     As a result of Defendant's failure to timely remit the withdrawal liability installment payments to NPF, Defendant is liable for the full principal amount of the withdrawal liability assessment pursuant to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

43.     As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPS, Defendant is liable for interest on all late payment amounts according to the Trust Documents and Section 4219(c)(5) of ERISA. Interest continues to accrue on these unpaid amounts until the date of payment.

44.     As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Documents and federal law.

45.     As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Documents and federal law.

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts due to the Funds as follows:

1.      Declare that Defendant is delinquent in remitting owed contributions to the Funds pursuant to the Agreement;

2.      Award Plaintiffs on behalf of the Funds a judgment for Defendant's delinquent contributions for the period of December 2016 through March 2017 in the total amount of $31,097.93;

3.      Enter judgment against Defendant for interest on all delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $2,215.08;

4.      Enter judgment against Defendant for liquidated damages on all delinquent contributions in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions, in the amount of at least $6,219.58;

5.      Enter judgment against Defendant for liquidated damages on late paid contributions for the period of May 2013 through November 2016 in the amount of $10,247.76;

6.      Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA;

7.      Declare that Defendant has defaulted on its withdrawal liability;

8.      Enter judgment against Defendant for the entirety of Defendant's withdrawal liability, in the amount of $859,065.99;

9.      Enter judgment against Defendant for interest on the delinquent withdrawal liability delinquent contributions at a rate of 0.0205% per day, compounded daily, from the date

due until the date paid or the date of the judgment, in the amount of at least $9,604.62 (calculated through June 8, 2018);

      10.     Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability, in the amount of at least $171,813.20;

      11.     Enter judgment against Defendant for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent withdrawal liability since the date of Defendant's delinquency; and

      12.     Award such other relief as the Court deems just and proper.

Respectfully Submitted,

_____/s/ Diana M. Bardes_____
 Diana M. Bardes (Va. Bar No. 81831)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Funds

Dated: June 8, 2018

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 8th day of June, 2018, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

> U.S. Department of Labor
> Attn: Assistant Solicitor for Plan Benefits Security
> 200 Constitution Ave., N.W.
> Washington, DC 20002

> U.S. Department of Treasury
> Attn: Secretary of the Treasury
> 1500 Pennsylvania Avenue, NW
> Washington, D.C. 20220

>    /s/ Diana M. Bardes
> Diana M. Bardes